IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-00016-01-CR-W-DW |
| ) | |
| DON A. WHITE, JR., ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Pending before the Court is defendant's Pretrial Motion for Return of Property (doc. # 24). Defendant seeks the return of United States currency totaling approximately $70,000.00 which was seized from the defendant on or about December 15, 2006, at the Kansas City International Airport.

I. BACKGROUND

On December 15, 2006, defendant was charged by way of complaint with interfering with the performance of the duties of airport employees with security duties by refusing to cooperate in the screening process for boarding airline passengers, by giving false information to screeners and by exiting a screening area by a non-authorized exit in violation of 49 U.S.C. § 46503. According to the affidavit filed in support of the complaint, the charge arose out of an incident in which it is alleged that the defendant fled from a security check point at the airport rather than follow the directions of a screener to empty his pants pockets. Defendant was pursued by airport security and arrested. Approximately $70,000.00 in U.S. currency and money orders was taken from the defendant. An indictment charging the same violations was returned on January 5, 2007.

On January 16, 2007, the defendant filed this motion for return of property pursuant to Rule 41(e) alleging that the seizure of the $70,000.00 was without cause and that the underlying charge on which the seizure was based is without merit. (Doc. # 24) Defendant further alleges that he is the rightful owner of the seized property and requests the Court to compel the government to return to the defendant the seized property. (Id.)

The government's brief alleged that notices of the administrative forfeiture were sent to defendant's last known addresses in Sacramento and Oakland, California and that upon learning of defendant's new address in Mission, Kansas, notices would be sent there as well. (Doc. # 28 at 4) The government opposed the defendant's motion for the reason that administrative forfeiture proceedings were filed on January 18, 2007, and thus, any claims by defendant for the return of the seized property must be made through the administrative process.

## II. DISCUSSION

Although defendant's motion sought the return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, amendments in 2002 moved section (e) on the return of property to section (g).[1] Rule 41(g) provides:

> **(g) Motion to Return Property**. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

---

[1] The 2002 amendments relocated Rule 41(e) to subsection 41(g), except for the last line of Rule 41(e) which now appears in Rule 41(h).

2

The government argues that the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) specifically preempts any other remedy for a party claiming to be aggrieved in connection with an administrative forfeiture. 18 U.S.C. § 983(e)(5) provides that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." Even before the CAFRA, courts had almost uniformly held that if an administrative forfeiture was filed, a claimant's efforts to obtain a return of the property were in the administrative procedure, and not by way of a Rule 41 motion for return of property. See Frazee v. Internal Revenue Serv., 947 F.2d 448, 450 (10th Cir. 1991); United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990); In re Harper, 835 F.2d 1273 (8th Cir. 1988).

Defendant did not reply to the government's suggestions. Further, defendant has not alleged that the administrative forfeiture proceedings have violated his due process rights or have been in some way inadequate.[2]

Based upon the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant's Pretrial Motion for Return of Property (doc. # 24).

Counsel are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve

---

[2]The only exception to the rule that a district court will not hear a case concerning the return of property once an administrative forfeiture proceeding has been filed are those cases in which the district court was found to have limited jurisdiction to consider claims of statutory or constitutional violations occurring during the administrative process which prevented a claimant for exercising the right to contest the administrative forfeiture. See United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993).

objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                              */s/ Sarah W. Hays*
                                              SARAH W. HAYS
                                              UNITED STATES MAGISTRATE JUDGE